LESSER et al. v. LESSER.

In re FRANKLIN et al.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

RECEIVERS—MOTION TO COMPEL PAYMENT OF JUDGMENT.
  An application to compel the receiver of a partnership to pay a judgment confessed by the partners in favor of petitioner was properly denied where the partners, on the same day and immediately after the confession of judgment, assigned their accounts and conveyed their real estate and sued for dissolution of the firm; but the order denying the application should have been made with leave to renew if the receiver should not, within a reasonable time, determine whether he would further resist payment of the judgment.
  Van Brunt, P. J., and Williams, J., dissenting.

Appeal from special term, New York county.

Applications by Bernard Moses and Emily A. Marcus to direct Morris T. Moses and James T. Franklin, as receivers of Lesser Bros., a firm composed of Tobias Lesser, Isaac Lesser, and Simon Lesser, to

apply funds in their hands as receivers to the payment of petitioners' judgments against said Lesser Bros. Said receivers were appointed in an action brought by Tobias Lesser and Isaac Lesser against Simon Lesser to dissolve the firm. The applications were denied, and each petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

E. Blumenstiel, for appellants.

James Byrne and Evan Shelby, for respondent Franklin.

PATTERSON, J. On this case, as presented, it rested in the sound discretion of the court at special term to grant or deny the applications made by these petitioners to direct the receivers to pay the amount of the judgments entered in their favor against the judgment debtors, and we see no good reason for differing with the court below in the conclusion at which it arrived in the disposition made of them. The judgments in favor of these petitioners were entered upon confession of the debtors. Those judgments are attacked by other judgment creditors, who have brought a suit to set them aside upon allegations that they are fraudulent judgments voluntarily suffered or procured to be taken by insolvent debtors, as part of a plan or scheme to secrete, dispose of, and conceal all their property, with the intent to hinder, delay, and defraud creditors. In the complaint in the creditors' suit, it is charged that these confessed judgments are not given for such a legitimate preference as a debtor has a right to make, but that they are fraudulent. There are further allegations in that complaint to the effect that still other judgments were confessed to other parties with the same fraudulent purpose; that transfers and conveyances of real estate and assignments of book accounts of large value were also made by the debtors, with the same intent, and as part of the same fraudulent scheme to secrete, dispose of, and conceal property; and the receivers are made parties to that creditors' action. The situation of the case before the court below was as follows: The petitioners' judgments were confessed on the 2d day of October, 1896, and executions thereon were immediately issued to the sheriff of New York, who levied on the personal property of the judgment debtors at their place of business in the city of New York. According to the allegations in the creditors' suit, two other judgments were confessed at the same time to other alleged creditors. On the same day assignments of the accounts were made by the Lessers, and the deeds conveying the real estate were also made on the same day, and immediately following the confessions of judgments and the assignment of the book accounts; and, still on the same day, two of the members of the firm of Lesser Bros. brought an action for the dissolution of their co-partnership, and on the same day procured the appointment of Morris Moses as receiver, who took possession of all the property subject to the levy of the sheriff. Subsequently, and by an order of the court, Mr. Franklin was appointed a co-receiver with Morris Moses, evidently for the protection of creditors. Thereafter an order was made by which the receivers were permitted to sell merchandise belonging to the co-partnership, and such sale was to be, and was, made subject to

the lien of the petitioners as execution creditors. It is now claimed by the petitioners that the receivers should be required to pay over to them the amounts of their judgments, that such receivers have sufficient moneys for that purpose, and that there is nothing to impeach the validity of their judgments, nor the bona fides of the claims upon which such judgments were founded. By the order authorizing the sale by the receivers, the rights of the petitioners were preserved; the levies made under their judgments held; and, prima facie, those judgments are valid. But a state of facts is developed in answer to these motions which fully justified the court in refusing to make the orders applied for. The receivers are fully notified, being made parties to a suit which impeaches the validity of the petitioners' judgments. The question arising on the facts as disclosed is one relating to the wise and just exercise of the discretion of the court. Should it now, and under the circumstances, make the order asked for? Its officers have possession of these funds, and the receivers, who are now permanent receivers, have not had an opportunity, by reason of the disappearance of the books of account of Lesser Bros., to examine and ascertain whether these confessed judgments are founded upon real or fictitious claims against the judgment debtors. It sufficiently appears that the purpose of the receiver Franklin is to contest the validity of these judgments, and the grave suspicions attaching to the honesty of the debtors in allowing these judgments to be taken are set forth in Mr. Franklin's affidavit. All the transactions referred to in the creditors' suit being upon the same day, their connection, showing that they were part of the same scheme, whether good or bad; the fact that the first receiver appointed is stated to be the brother and a partner in business of one of the petitioners and judgment creditors, Bernard Moses (and it is not denied by the receiver Moses); and the additional fact that there did not seem to be any concurrence of either of the petitioners in procuring or obtaining the confessions of judgments,—are all considerations which authorized the court to decline to grant the prayer of the petitioners as asked for. There is no disturbance of the petitioners' liens. Their rights are secured. Immediate payment of the money is alone denied them.

We conclude, therefore, that the orders made at the special term should be affirmed, but the petitioners should not be deprived for an indefinite time of their right to realize the amounts of the judgments, if they are not assailable, but the receivers should, within a reasonable time, determine whether they will further resist their payment; and therefore the affirmance of these orders will be with liberty to the petitioners to renew the motions after the expiration of 90 days, in case the receivers do not take some affirmative action to have the judgments declared void, or be enjoined by other creditors from paying the moneys to the petitioners.

RUMSEY and PARKER, JJ., concur. VAN BRUNT, P. J., and WILLIAMS, J., dissent.